**Ellen GINSBERG, D.O., Plaintiff,**

v.

**VALHALLA ANESTHESIA ASSOCIATES, P.C., Defendant.**

**No. 96 Civ. 6462(HB).**

United States District Court, S.D. New York.

July 23, 1997.

---

Anne C. Vladeck, Vladeck, Waldman, Elias & Engelhard, P.C., for Ellen Ginsberg, D.O.

Jay B. Hashmall, Hashmall, Sheer, Bank & Geist, White Plains, NY, for Valhalla Anesthesia Assoc.

### OPINION AND ORDER

BAER, District Judge.

Plaintiff moves for summary judgment: (i) dismissing the counterclaims brought by defendant, (ii) on her retaliation claim insofar as it is based on the counterclaims and (iii) on her claim for damages for defendant's failure to provide her with benefit information in a timely manner. For the reasons discussed below, plaintiff's motion is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff was employed as an attending anesthesiologist at defendant Valhalla Anesthesia Associates ("Valhalla"). In early 1995 plaintiff informed Dr. Elizabeth Frost that she was pregnant and that her child was due in mid-June. Plaintiff indicated her desire to take maternity leave from early June until November 1, 1995. There is some dispute as to whether any agreement was reached at this time with respect to the length and timing of plaintiff's maternity leave. In any event, plaintiff soon fell ill, suffering from deep vein thrombosis, a pregnancy-related illness, and missed several days of work. There is no dispute that she subsequently requested not to work nights or overnight and that defendant acquiesced in this request. On May 9, 1995 plaintiff requested

that her maternity leave begin on May 12, 1995 and it began on that date. Plaintiff's child was born on June 14, 1995.

Plaintiff brought this action alleging that she was discriminated against on the basis of her sex and pregnancy when she was terminated from her employment and that defendant failed to provide timely benefit information regarding her pension and 401(k) plans when requested, as required by ERISA. Defendant asserts that plaintiff was never fired but rather chose not to return to work. Defendant counterclaims for (a) the cost of benefits and vacation and sick days paid for while plaintiff was on maternity leave, on the ground that plaintiff was not entitled to such benefits because she did not return to work and (b) damages for breach of contract based on plaintiff's light duties undertaken after her bout with thrombosis. Plaintiff asserts that the counterclaims filed by defendants constitute impermissible retaliation for her having filed this lawsuit.

## DISCUSSION

### I. Counterclaims

#### A. Jurisdiction

■ Plaintiff moves to dismiss the counterclaims, *inter alia,* on the ground that they constitute permissive, rather than compulsory, counterclaims, and that there is no independent basis of federal jurisdiction. *See Harris v. Steinem,* 571 F.2d 119, 121–22 (2d Cir.1978). A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter" of plaintiff's claim, Fed.R.Civ.P. 13(a), and requires no independent basis of federal jurisdiction. *Harris,* 571 F.2d at 121–22. Permissive counterclaims, by contrast, do require an independent basis of federal jurisdiction. *Id.* at 122. "In determining whether a counterclaim is compulsory, this Court must determine ... whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all issues be resolved in one lawsuit." *Spencer v. Banco Real, S.A.,* 623 F.Supp. 1008, 1011 (S.D.N.Y.1985).

■ Defendant's first counterclaim seeks the cost of benefits paid to plaintiff while she was on maternity leave and the second seeks $50,000 in damages for plaintiff's failure to perform adequately under the contract prior to her leave. The question is thus whether there is a sufficient "logical relationship" between these counterclaims and plaintiff's claims for discrimination. While there is obviously some relationship between plaintiff's discrimination claims and defendant's counterclaims, as both arise out of plaintiff's employment, that relationship alone is insufficient to render the counterclaims compulsory. *See Spencer,* 623 F.Supp. at 1011–12 (tort counterclaims relating to plaintiff's actions during her employment not sufficiently related to plaintiff's Title VII claims); *Kolta v. Tuck Indus., Inc.,* No. 74 Civ. 4195–LFM, 1975 WL 271 (S.D.N.Y.1975) (counterclaim alleging poor performance not compulsory in discrimination case); *Worlds v. National Railroad Passenger Corp.,* No. 84 C 10027, 1988 WL 139252 (N.D.Ill.Dec.22, 1988) (counterclaim alleging fraudulent conduct by employee not sufficiently related to discrimination claim); *Koprowski v. Wistar Institute of Anatomy and Biology,* Civ. A. No. 92–1132, 1992 WL 151302 (E.D.Pa.1992) (not all claims arising from employment relationship sufficient to meet "transaction or occurrence" test) (citing cases). Some greater connection must be shown.

Defendant's first counterclaim is predicated on the assumption that plaintiff was not fired, but rather chose not to return to work. Accordingly, defendant argues, plaintiff was not entitled to the benefits she received while on leave. Defendant's contentions in this regard are identical to its defense to plaintiff's discrimination claims—plaintiff was not terminated, which is an element of plaintiff's prima facie case. The "essential facts" of the first counterclaim and the allegations in the complaint are thus identical and the very same factual determination will be essential to both. Likewise, the proof regarding whether plaintiff was fired or quit will be identical with respect to both the claims in the complaint and the first counterclaim. Although additional proof will be required to establish defendant's entitlement to the cost of the benefits in the event plaintiff is determined to have quit, that does not negate the

"logical relationship" between the claims. Accordingly, I conclude that the first counterclaim is compulsory and not permissive.

■ The same cannot be said for the second counterclaim. Defendant's allegations with regard to plaintiff's failure to adequately perform after her illness do not relate to the same facts that are essential to plaintiff's claims. Rather, the sole connection is that the counterclaim relates to plaintiff's employment. As discussed above, such a loose relationship, absent more, does not suffice to establish that the counterclaim arises out of the same "transaction or occurrence" as plaintiff's claims. *Kolta*, 1975 WL 271 (counterclaim alleging poor performance not compulsory in discrimination case). I therefore conclude that the second counterclaim is permissive. As there is no independent basis for federal jurisdiction, it must be dismissed.[1]

### B. Failure to State a Claim

■ Plaintiff also moves to dismiss the first counterclaim for failure to state a claim. The first counterclaim seeks reimbursement for (i) salary paid to plaintiff from May 12, 1995 (when she began her maternity leave) through May 31, 1995 and (ii) benefits (presumably health care coverage) for the period from May 12, 1995 through November 1, 1995. The gist of plaintiff's argument is that there was never an agreement that expressly conditioned plaintiff's receipt of salary and benefits while on leave on her return to work. While defendant admits that plaintiff was never expressly told that the payments were conditioned on her return, it is clear that both sides anticipated plaintiff's return when she first began her maternity leave. Whether defendant paid the benefits at issue on the basis of that understanding, as defendant contends, and whether plaintiff accepted them on that basis, as is reasonable, are questions of fact. Furthermore, even if there was no "meeting of the minds" as plaintiff contends, defendant may have a claim for unjust enrichment based on the payments, as plaintiff was paid salary and provided benefits for a period when she did not work. Plaintiff's motion to dismiss the first counterclaim is therefore denied.

### II. Retaliation

Plaintiff also moves for summary judgment on her retaliation claim, in which she alleges that defendant asserted its counterclaims solely in retaliation for plaintiff having brought this lawsuit. The elements of a Title VII retaliation claim are well known. Plaintiff must prove i) that she engaged in a protected activity, ii) that an adverse "employment action" was taken by defendant, and iii) a causal connection between the protected activity and the adverse employment action. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1308 (2d Cir.1995). Here, there is no dispute that plaintiff's filing of this lawsuit constitutes a protected activity.

■ Plaintiff, however, has failed to allege an adverse *"employment* action" as a result of the counterclaims. An adverse employment action must "affect[ ] 'the terms, privileges, duration, or conditions of the plaintiff's employment.'" *Yankelevitz v. Cornell University*, No. 95 Civ. 4593(PKL), 1996 WL 447749 at *5 (S.D.N.Y. Aug.7, 1996) (citations omitted), *modified on other grounds*, 1997 WL 115651. While this Court has recognized that claims of retaliation are not limited " 'only to acts of retaliation that take the form of cognizable "employment actions" such as discharge, transfer or demotion,' " *id.* at (quoting *Passer v. American Chemical Soc.*, 935 F.2d 322, 331 (D.C.Cir. 1991)), there must be some impact on plaintiff's employment or prospective employment for the counterclaims to constitute an 'employment action'. Thus, in *Yankelevitz* the counterclaims related to an audit of plaintiff that had been conducted by the defendant. Judge Leisure found that "the allegations and implications of the counterclaims shed a negative light on plaintiff's professionalism and ethics" and that plaintiff had therefore stated a claim for retaliation. *Id.* He analogized such negative professional aspersions to giving negative recommendations to a for-

---

1. The second counterclaim fails for another reason as well. There is no dispute that defendant consented to plaintiff's reduced duties following the thrombosis incident. Having so consented, defendant cannot now sue for breach of contract on the basis of the agreed to behavior.

mer employee, which other courts have held to constitute actionable "employment action" for purposes of a retaliation claim. *See id.* (citing cases). This case does not fit that bill. Here, for defendant's counterclaims relate to a simple breach of contract that does not reflect negatively on plaintiff's ethical or professional reputation. Accordingly, this aspect of plaintiff's claim for retaliation must be dismissed insofar as it is based on the filing of the counterclaims, as it fails to state a claim.

### III. Benefits Information

■ Plaintiff also moves for summary judgment on her claims that defendant wrongfully withheld information regarding her 401(k) and pension plans after she requested it, in violation of ERISA. *See* 29 U.S.C. § 1024(b)(4) (requiring plan administrator to furnish plan information upon a written request from beneficiary). Plaintiff requested such information in a letter dated October 11, 1995. The letter, in its entirety, reads as follows:

10/11/95

Ms. Marisol Rodriguez
Senior Administrator
Valhalla Anesthesia Assoc., P.C.
Ms. Rodriguez;

I am in receipt of your letter dated October 5, 1995, As you know I did not resign, I was told I no longer have a job.

At this time I would like to request, again, a copy of the terms and conditions of my 401(K) and my pension plan. I would also like to request current balances in both accounts as of this date. If you could forward these immediately, I would be grateful.

Further, would you be kind enough to forward to me the name of the actuary that you consulted, as indicated in your letter to me.

Thank you for your help in this matter.
Sincerely,
/s/
Dr. Ellen Ginsberg
cc: Ms. Anne Vladeck
cc: Mr. Anthony McCrimlisk
(Dean Witter Investments)

There is no dispute that (a) defendant received the letter and (b) no pension or bene-fit plan information was provided until March 21, 1997 when it was produced in discovery in this case. Plaintiff is therefore entitled to summary judgment on her ERISA claim regarding the failure to provide plan information.

■ Plaintiff seeks statutory penalties for this failure pursuant to 29 U.S.C. § 1132(c), which allows the Court to award up to $100 a day for the failure to provide requested information. The award of such penalties is committed to the sound discretion of the Court. *Pagovich v. Moskowitz,* 865 F.Supp. 130, 137 (S.D.N.Y.1994). Although courts are split as to whether plaintiff must establish prejudice to be entitled to a statutory penalty, *see Kascewicz v. Citibank, N.A.,* 837 F.Supp. 1312, 1321–22 (S.D.N.Y. 1993), it is clear that at a minimum a showing of prejudice is a "significant" factor to be considered by the Court. *Id.* at 1322. In addition to prejudice, other factors to be considered by the Court include bad faith or intentional conduct on the part of defendant and the length of the delay. *Pagovich,* 865 F.Supp. at 137.

Here, plaintiff has not attempted to show prejudice and defendant denies there was any. The record also raises issues of fact with regard to defendant's bad faith in failing to provide the requested documents. Accordingly, I reject plaintiff's invitation to assess the maximum $100 per day penalty and reserve the issue of whether a statutory penalty is appropriate until after trial, at which time I will be better able to assess the appropriateness of such a penalty.

■ Plaintiff also moves for attorney's fees for the ERISA violation pursuant to 29 U.S.C. § 1132(g)(1). The factors governing an award of attorney's fees under § 1132 include the offending party's bad faith, the ability of the offending party to pay, whether an award of fees would deter others from acting similarly, the relative merits of the parties' position and whether the action was filed to benefit members of the plan generally. *Scarso v. Briks,* 909 F.Supp. 211, 215 (S.D.N.Y.1996). For the reasons discussed

**150**

above, I reserve judgment on plaintiff's attorney's fees application until after trial, at which time I will be better able to apply the above-listed criteria to the facts of the case.

## CONCLUSION

For the reasons discussed above, plaintiff's motion is GRANTED with respect to her claim for failure to provide requested benefits information under ERISA. Plaintiff's motion is also GRANTED with respect to defendant's second counterclaim and that counterclaim is DISMISSED. Plaintiff's motion is DENIED with respect to defendant's first counterclaim. Plaintiff's motion is also DENIED with respect to her retaliation claim, insofar as that claim is based on the mere assertion of the counterclaims against plaintiff. Plaintiff's motion for statutory penalties and attorney's fees for the ERISA violation is reserved pending trial. The case remains on the August 1997 trailing trial calendar, with a tentative trial start date of August 4, 1997.

**SO ORDERED.**